UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

DEBORAH L. KIRBY,

    Plaintiff,

v.

NCO FINANCIAL SYSTEMS, INC.,

    Defendant.

_____/

# COMPLAINT
## JURY DEMAND

1. Plaintiff alleges violation Telephone Consumer Protection Act, 47 U.S.C §227, *et seq.* ("TCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

1. Regarding the TCPA claim, this Court has jurisdiction under 28 U.S.C. §§1331. *Mims v. Arrow Fin. Servs. LLC,* 132 S. Ct. 740 (U.S. 2012); 2012 U.S. LEXIS 906 (U.S. 2012). Regarding the FDCPA claim, this Court has jurisdiction under 28 U.S.C. §§1331, 1337, 1367 and 15 U.S.C. §1692k. Venue in this District is proper because Plaintiff resides here and because Defendant placed telephone calls into this District.

## PARTIES

2. Plaintiff, DEBORAH L. KIRBY, is a natural person, and citizen of the State of Florida, residing in Broward County, Florida.

3. Defendant, NCO FINANCIAL SYSTEMS, INC., is a Pennsylvania corporation and citizen of the State of Pennsylvania with its principal place of business at 507 Prudential Road, Horsham, Pennsylvania 19044.

4. Defendant is registered with the Florida Department of State Division of Corporations as a foreign corporation. Its registered agent for service of process is CT Corporation System, 1200 South Pine Island Road, Plantation, FL 33324.

5. Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

6. Defendant regularly collects or attempts to collect debts for other parties.

7. Defendant is a "debt collector" as defined in the FDCPA.

## FACTUAL ALLEGATIONS

8. Defendant placed approximately 16 telephone calls to Plaintiff seeking to collect a debt she does not owe.

9. Defendant left the following messages on Plaintiff's voice mail on her cellular telephone on or about the dates stated:

**April 22, 2014**
This is an important message from NCO Financial Systems. The law requires I notify you this is an attempt to collect a debt. Any information obtained will be used for that purpose. Please return the phone call at 800-

508-8573.  Please reference the account number [redacted].  Again, the phone number 800-508-8573. Thank you.

**June 2, 2014 - Pre-Recorded Message**
This is an important message from NCO Financial Systems Incorporated, a debt collection company. This is an attempt to collect a debt and any information obtained will be used for that purpose. Please return the call to Krystal Williams at 1-800-944-4845. Once again, that's Krystal Williams at 1-800-944-4845. Thank you.

NCO Financial Systems Incorporated is a debt collection company. This is an attempt to collect a debt and any information obtained will be used for that purpose. When calling, please refer to your ID code [redacted].

**June 6, 2014 - Pre-Recorded Message**
This is an important message from NCO Financial Systems Incorporated, a debt collection company. This is an attempt to collect a debt and any information obtained will be used for that purpose. Please return the call to Krystal Williams at 1-800-944-4845. Once again, that's Krystal Williams at 1-800-944-4845. Thank you.

NCO Financial Systems Incorporated is a debt collection company. This is an attempt to collect a debt and any information obtained will be used for that purpose. When calling, please refer to your ID code [redacted].

**June 9, 2014 - Pre-Recorded Message**
This is an important message from NCO Financial Systems Incorporated, a debt collection company. This is an attempt to collect a debt and any information obtained will be used for that purpose. Please return the call to Krystal Williams at 1-800-944-4845. Once again, that's Krystal Williams at 1-800-944-4845.  Thank you.

NCO Financial Systems Incorporated is a debt collection company. This is an attempt to collect a debt and any information obtained will be used for that purpose. When calling, please refer to your ID code [redacted].

10. The messages are silent as to the identity of the intended recipient.

11. The text of the messages imply that Plaintiff is the intended recipient of the messages and that Defendant is attempting to collect a debt from Plaintiff: "The law requires I notify *you* this is an attempt to collect a debt" and "Please reference the *account* number [redacted]," see the April 27, 2014 message; "When calling please refer to *your* ID code [redacted]," see the June 2, 6, and 9, 2014 messages and "[t]his is an attempt to collect a debt and any information obtained will be used for that purpose." All of which taken as a whole, and viewed through the standard of the least sophisticated consumer, led Plaintiff to believe she is liable for an alleged debt and needs to telephone Defendant immediately but must be cautious in doing so since any information obtained will be used to collect the apparent debt.

12. The Eleventh Circuit has established the standard by which a debt collector's communications are analyzed, which is whether the communication would mislead the "least sophisticated consumer". *Jeter v. Credit Bureau, Inc.,* 760 F.2d 1168, 1172-78  (11th Cir. 1985).

13. Plaintiff is, in fact, not indebted to Defendant or its client nor is she liable for the alleged debt which is the object of the calls Defendant's repeated telephone calls to her cellular telephone.

14. The alleged debt is actually due by Perlaza Alvaro, for a medical bill due to a hospital.

15. Perlaza Alvaro is a natural person and his or her alleged debt was incurred for personal or family purposes.

16. Defendant's messages mislead Plaintiff into believing she is liable for a debt.

17. Defendant's failure to identify by name or otherwise specify the person allegedly owing the debt eliminates Plaintiff's ability to determine for whom the call is intended and renders the message devoid of the purpose of the call – the call is not and cannot be an effort to collect a debt from *everyone* who hears it – yet by its text it implies that every person hearing the message owes an alleged debt.

18. Defendant obtained Plaintiff's telephone number, not from its client, the hospital apparently due the unpaid debt, but from a service known as a "skip trace" which, for a fee, provides *possible* telephone numbers for persons from who debt collectors are trying to collect debts, based upon highly questionable criterion like whether the two persons once lived at the same address, even at different times.

19. Defendant knows that the skip trace vendor it used to obtain Plaintiff's telephone number routinely provides it with telephone numbers for alleged debtors which are in fact the telephone numbers of unobligated and unrelated persons.

20. Defendant knows that its calling techniques result in large numbers of its messages being delivered to the unobligated and unrelated persons.

21. During the time Defendant placed calls to Plaintiff, Defendant, by itself or acting in concert with dialing services it retains, routinely placed in excess of one million automated telephone calls per day.

22. Defendant claims in each of its messages that they are "important" when in reality, to Plaintiff, they are of no importance at all and are merely a technique that Defendant uses to extract a return telephone call, from Plaintiff, to obtain information about some other person in order to collect a debt.

23. In addition to transcripts of calls stated above, Defendant placed other calls to Plaintiff, seeking to collect the same debt, totaling approximately 17 calls.

24. The messages are "communications" as defined by 15 U.S.C. §1692a(2). See *Berg v. Merchs. Ass'n Collection Div*., Case No. 08-60660-Civ-Dimitrouleas/Rosenbaum, 2008 U.S. Dist. LEXIS 94023 (S.D. Fla. Oct. 31, 2008).

25. Plaintiff did not consent to Defendant's automated calls to her cellular telephone.

26. Plaintiff has never authorized Perlaza Alvaro to consent to Defendant's automated calls to her cellular telephone.

27. None of Defendant telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C § 227 (b)(1)(A).

28. Defendant willfully or knowingly violated the TCPA.

## COUNT I
## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT

29. Plaintiff incorporates Paragraphs 1 through 28.

30. Defendant, or others acting on its behalf, placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice violation of 47 U.S.C § 227 (b)(1)(A)(iii).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. a declaration that Defendant calls violate the TCPA;

    c. a permanent injunction prohibiting Defendants from placing non-emergency calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice; and

    d. Such other or further relief as the Court deems proper.

## COUNT II
## USE OF FALSE REPRESENTATIONS OR DECEPTIVE MEANS TO OBTAIN INFORMATION

31. Plaintiff incorporates Paragraphs 1 through 28.

32. Defendant made false representations and used deceptive means to attempt to collect a debt or obtain information concerning a consumer when it falsely implied that Plaintiff was indebted for the purpose of obtaining information

about the individual truly indebted to its client, in violation of 15 U.S.C §1692e(10).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

 a. Damages;

 b. Attorney's fees, litigation expenses and costs of suit; and

 c. Such other or further relief as the Court deems proper.

## COUNT III
## THREAT TO TAKE ACTION THAT IS NOT INTENDED OR CANNOT LEGALLY BE TAKEN

33. Plaintiff incorporates Paragraphs 1 through 28.

34. Defendant stated that it was attempting to collect a debt from Plaintiff, that was due by some other person, when it did not truly intend collect from Plaintiff and such action could not legally be taken, in violation of 15 U.S.C §1692e(5).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

 a. Damages;

 b. Attorney's fees, litigation expenses and costs of suit; and

 c. Such other or further relief as the Court deems proper.

## COUNT IV

## TELEPHONIC HARASSMENT AND ABUSE FOR UNAUTHORIZED CALLS USING A PRE-RECORDED OR ARTIFICIAL VOICE

35. Plaintiff incorporates Paragraphs 1 through 28.

36. Defendant engaged in conduct the natural consequence of which is to harass, oppress, or abuse by using a pre-recorded or artificial voice in placing repeated telephone calls to Plaintiff's cellular telephone to which Plaintiff had not consented seeking a person who was not the subscriber to the cellular service, in violation of 15 U.S.C §1692d.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

                        DONALD A. YARBROUGH, ESQ.
                        Attorney for Plaintiff
                        Post Office Box 11842
                        Ft. Lauderdale, FL 33339
                        Telephone: 954-537-2000
                        Facsimile: 954-566-2235
                        don@donyarbrough.com

                    By: s/ Donald A. Yarbrough
                        Donald A. Yarbrough, Esq.
                        Florida Bar No. 0158658